United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMILY BAUER,

Plaintiff,

v.

PRESIDIO RESIDENCES, et al.,

Defendants.

Case No. 25-cv-07496-RS

**ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS WITH LEAVE
TO AMEND**

Plaintiff Emily Bauer sued various federal defendants under the Federal Tort Claims Act
(FTCA), broadly averring that the residential property she rented from the Presidio Trust was unfit
for human habitation. Defendants move to dismiss, arguing that subject matter jurisdiction over
the suit is absent because Bauer failed to comply with various requirements in the FTCA and
associated regulations. The motion is suitable for disposition without oral argument. *See* Civ. L. R.
7-1(b). Defendants are correct that Bauer has failed to name the only proper defendant in an FTCA
suit: the United States. However, the bulk of their other arguments in favor of dismissal fail.
Therefore, the motion is granted with leave to amend.

**I. BACKGROUND**

Emily Bauer began renting a residential property in the Presidio of San Francisco around
2010. Her most recent lease agreement was executed on March 30, 2021. *See* Complaint ¶ 12. The
Presidio is owned and operated by the federal government through the Presidio Trust. *See*
Omnibus Parks and Public Lands Management Act, Pub. L. 104-333 (Nov. 12, 1996). The
Presidio Trust leases roughly 1,100 residential properties within the Presidio, and it has contracted

the John Stewart Company to manage those leasing operations. Bauer's lease agreement listed her landlord as "Presidio Trust, by and through its agent, the John Stewart Company," and listed her landlord's address as 222 Halleck Street in San Francisco. *See* Complaint, Ex. A.

At some point after tenancy began, Bauer avers that she started experiencing problems with her unit. Those problems included rodent infestations, mold, and exposed wiring. *See* Complaint ¶ 14. Bauer attempted to inform her landlord of the issues with her unit at least twice. On March 5, 2023, Bauer's attorney sent an email to the address "Presidio@presidiotrust.gov." That email attached a letter, addressed to "Presidio Trust," which laid out the basic contours of the issue and contended that the Presidio Trust's exposure "exceeds $100,000.00." Martin Decl., Ex. B. On June 14, 2023, Bauer's attorney sent another message to three email addresses—one of which was Presidio@presidiotrust.gov. *See* Chan Decl., Ex. C. That communication was directed at four potential "defendants"—one of which was the Presidio Trust—and was styled as a "settlement proposal." *Id.* It extensively recited the alleged defects in her unit and catalogued the various damages she sought to recover. *See id.* The damages included rent differential, a refund of rent paid, out-of-pocket expenses incurred, property damage, and emotional injury. *See id.* It calculated total "economic, noneconomic, and statutory damages" to be $215,722.50 but offered to settle the matter for $150,000. *See id.*

The dispute did not resolve, so Bauer filed this lawsuit. She asserts eight causes of action, all broadly related to the Defendants' provision of a defective apartment unit. She invoked federal jurisdiction under the FTCA. *See* 28 U.S.C. § 1346(b). Defendants have moved to dismiss for want of jurisdiction.

## II. LEGAL STANDARD

Defendants move to dismiss under Federal Rules of Procedure 12(b)(1) and 12(b)(6). The former permits dismissal for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). The latter permits dismissal for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the complaint must allege sufficient facts which, if accepted as true, "state a claim for relief that is plausible on its face." *Bell*

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
CASE NO. 25-cv-07496-RS

United States District Court
Northern District of California

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### III. DISCUSSION

*a. Jurisdiction*

Bauer filed her complaint against the Presidio Trust, Presidio Residences, and several Doe defendants. However, "the only proper party defendant in an FTCA action" is the United States. *Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998). Because Bauer has sued the wrong defendant, dismissal is appropriate. She is given leave to amend her complaint to fix this deficiency.

Beyond suing the wrong party, Defendants make several arguments for why there is no subject-matter jurisdiction over this suit. First, they contend that Bauer failed to present properly an administrative tort claim to the Presidio Trust. 28 U.S.C. section 2675(a) requires an FTCA plaintiff to "first present[] the claim to the appropriate Federal agency." This exhaustion requirement is jurisdictional. *See id.* (providing that "[a]n action shall not be instituted" unless it has been exhausted with the agency).

By sending multiple emails through her counsel to the Presidio Trust, Bauer "presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). The regulations specifically governing the Presidio Trust say only that "[c]laims shall be filed directly with the Presidio Trust." 36 C.F.R. § 1009.2(b). The Defendants contend that "[t]he Presidio Trust does not represent to the public that it accepts administrative tort claim submissions at the email address of Presidio@presidiotrust.gov," but it is unclear where it does accept such submissions. Though the regulations say a claimant must go directly to the Presidio Trust, they do not specify a mechanism, and the only address in the regulations is buried in a separate section covering the procedure for

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
CASE NO. 25-cv-07496-RS

United States District Court
Northern District of California

obtaining employee testimony or Presidio Trust records. *See* 36 C.F.R. § 1012.3(d). Absent more specific guidance, a general purpose email address was a perfectly reasonable place for Bauer to present her complaint, fully satisfying her obligation under the statute. Defendants protest that the Presidio Trust's counsel reached out to inform Bauer's counsel that emailed submissions did not constitute a valid administrative complaint, but that proves too much. The Presidio Trust patently had notice of the complaint, and it is the statute and the governing regulations—not the proclivities of the agency's counsel—that determine what constitutes valid presentation.

Second, Defendants contend Bauer's emails failed to include a "sum certain" for her claim. Under Ninth Circuit precedent, "section 2675(a) requires the claimant or his legal representative to file . . . a sum certain damages claim." *Warren v. United States Dept. of Interior Bureau of Land Management*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc). That is precisely what Bauer did. In the June 14 email sent by her counsel, she summarized the source of her injury and stated the total value of her complaint was $215,722.50. Defendants think that is not enough because the damages demand was not differentiated by the various individuals Bauer considered a landlord. It is unclear, however, why that matters. No controlling legal authority requires an FTCA plaintiff to subdivide damages by the individual responsible, and more importantly, that issue will be mooted if and when Bauer amends her complaint to substitute the United States as the defendant. At that point, all damages will be demanded from a single party.

Third, Defendants contend Bauer's emails did not sufficiently describe the injury to enable the Presidio Trust to begin an investigation. *See Warren*, 724 F.2d at 780 ("[S]ection 2675(a) requires the claimant or his legal representative to file . . . a written statement sufficiently describing the injury to enable the agency to begin its own investigation."). Again, it is unclear what more Defendants expected. The June 14 email contains a letter that is fifteen pages long and includes a lengthy recitation of the factual background of Bauer's claim. It sets out when she entered the lease, the terms of the lease, and the alleged deficiencies in detail. *See, e.g.*, Chan Decl., Ex. A, at 6 ("The Premises had faulty electrical wiring and lighting which caused frequent outages and exploding lightbulbs in the downstairs and upstairs hallway. The electrical system

was not connected to PG&E and was instead independent for the Presidio Trust, leading to at least one outage per month."); *id.* ("In the summer of 2022, the Presidio Residence experienced a break-in attempt in a vacant apartment (Apt B). In response, the Landlords decided to fill the apartment with what appeared to be a frat house, which led to excessive debris, filth, rubbish, and garbage being left all over the property. The situation attracted raccoons, which nested in a front yard tree after leaving the roof."). Defendants fault Bauer from presenting a "mélange of liability [and damages] theories," some of which may not be cognizable under the FTCA. True or not, they fail to explain why inclusion of those theories precluded the Presidio Trust from beginning an investigation into Bauer's claims.

Finally, Defendants argue that jurisdiction is absent for Bauer's claims for prejudgment interest, attorney's fees, and a jury trial. Bauer does not specifically address this portion of Defendants' motion, and it appears to have merit. The FTCA does not permit recovery of prejudgment interest, *see* 28 U.S.C. § 2674; recovery of attorney's fees, *see Anderson v. United States*, 127 F.3d 1190, 1191–92 (9th Cir. 1997); or trial by jury, *see* 28 U.S.C. § 2402.[1]

### b. Failure to State a Claim

Defendants contend that dismissal for failure to state a claim is appropriate to the extent Bauer's complaint is premised on any conduct that occurred prior to May 5, 2021—two years before Bauer initially submitted her claim to the Presidio Trust. *See* 28 U.S.C. § 2401(b) (creating a two-year statue of limitations for tort claims against the United States). Drawing all reasonable inferences in Bauer's favor, it is plausible that the issues she identified occurred within the statute of limitations. If discovery establishes otherwise, Defendants are free to assert a limitations

---

[1] Defendants lump these three objections together, but only Bauer's request for attorney's fees and her request for prejudgment interest are jurisdictional. To establish jurisdiction, Bauer must establish a waiver of sovereign immunity. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). However, the statutory bar on recovery of those sums means, in effect, that the United States has *not* waived sovereign immunity as to attorney's fees and prejudgment interest. The jury trial request, by contrast, defines the mode by which the suit may be heard, not whether the suit may be heard at all. Therefore, the portion of Defendants' motion which objects to Bauer's jury trial demand is treated as a motion to strike, and it is granted.

ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND
CASE NO. 25-cv-07496-RS

United States District Court
Northern District of California

defense. Their skepticism at this stage is better funneled through a motion for a more definite statement, not a motion to dismiss. *See* Fed. R. Civ. P. 12(e).

### IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted with leave to amend. Any amended complaint shall be filed within 21 days of the date of this order.

**IT IS SO ORDERED**.

Dated: March 20, 2026

_____
RICHARD SEEBORG
Chief United States District Judge

United States District Court
Northern District of California